Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Louise Jillian Paris, SBN 347801
**OMNI LEGAL GROUP**
10880 Wilshire Blvd. Ste. 1860
Los Angeles, CA 90024
Phone:       310.276.6664
Facsimile:   310.305.1550
omid@omnilg.com
ariana@omnilg.com
jillian@omnilg.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGENDS CONSORTIUM LLC, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>LEGENDS ENCLAVE, a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 2:25-cv-6364<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br>1. **Trademark Infringement (15 U.S.C. § 1114)**<br>2. **False Designation of Origin / Unfair Competition (15 U.S.C. § 1125(a))**<br>3. **Violation of California Business & Professions Code § 17200**<br>4. **Intentional Interference with Prospective Economic Advantage**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Legends Consortium LLC, a California limited liability company, ("Plaintiff"), by their undersigned attorneys, file this Complaint against Defendant Legends Enclave ("Defendant") for trademark infringement, false designation of origin, and unfair competition. In support thereof, Plaintiff state and allege as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit to protect the substantial goodwill they have developed in the distinctive "LEGENDSCON" trademark, which is recognized in the fan convention and entertainment space as identifying events produced by Plaintiff. The LEGENDSCON mark has come to symbolize Plaintiff's reputation for conventions celebrating science fiction, literature, film, and related fandoms. The mark has garnered a loyal following and significant industry recognition.

2. That goodwill and reputation are now being threatened by Defendant's unauthorized use of the LEGENDSCON mark and confusingly similar branding. Defendant's conduct has misled the public, caused actual confusion, and disrupted Plaintiff's ability to host and promote their own events.

3. Unless Defendant is enjoined from further use of the infringing name and branding, its continued conduct will perpetuate consumer confusion, damage the public perception of the LEGENDSCON brand, and cause irreparable harm to Plaintiff's business and reputation.

4. This action seeks injunctive relief, damages, and other appropriate remedies arising from Defendant's willful acts of trademark infringement, false designation of origin, unfair competition, and intentional interference with Plaintiff's business relationships.

## JURISDICTION AND VENUE

5. This is an action arising under the federal Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant maintains its principal place of business and has marketed, sold, or promoted infringing services within this District.

## PARTIES

8. Plaintiff Legends Consortium LLC ("Legends Consortium") is a California limited liability company with its principal place of business in Los Angeles County, California. Legends Consortium is the operating entity behind the "LegendsCon" event and the rightful owner of U.S. Trademark Registration No. 7,550,135 for the word mark LEGENDSCON, issued by the United States Patent and Trademark Office on October 29, 2024.

9. On information and belief, Defendant Legends Enclave is a California nonprofit public benefit corporation that has promoted and offered fan convention services using the infringing "Legends Enclave" and "LegendsCon" names.

10. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believes, and based thereon alleges, that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for

the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendant and DOES 1 through 10, inclusive, have a non- delegable duty to prevent and/or remedy such acts and the behavior described herein, which duty Defendant and DOES 1 through 10, inclusive, failed and/or refused to perform.

## FACTUAL ALLEGATIONS

11.   Plaintiff is the owner of the LegendsCon trademark, a distinctive source-identifier in the fan convention industry. Operating under Legends Consortium LLC, the company promotes fan convention events using the LegendsCon name.

12.   The inaugural LegendsCon event was held on September 9 and 10, 2023, at the Los Angeles Marriott Burbank Convention Center. The event was well received by attendees, sponsors, vendors, and members of the entertainment industry. Since its inception, the LegendsCon brand has become associated with high-quality fan experiences focused on science fiction, film, literature, and cosplay.

13.   On October 29, 2024, United States Trademark Registration No. 7,550,135 for the standard character word mark LEGENDSCON in International Class 41 was obtained by Plaintiff's President, Mr. Rawlings. The registration covers a wide range of entertainment services, including organizing and conducting conventions and events. The mark has since been assigned to the Plaintiff . A true and correct copy of the federal registration is attached as **EXHIBIT A**.

14. Through continuous use in commerce, extensive promotional efforts, and positive consumer experiences, Plaintiff has developed significant goodwill in the LegendsCon mark. That goodwill is closely tied to the original work and the events and services provided by Legends Consortium LLC. The LegendsCon mark has become known within the fan convention community, and the consuming public recognizes the mark as denoting a particular source of high-quality services.

15. In reliance on the strength of the LegendsCon brand and its growing recognition, Plaintiff undertook preparations for a second convention, LegendsCon II, which was originally scheduled to take place on February 2, 2025, at the same venue as the original event. In connection with those plans, Plaintiff invested considerable time and resources into securing the venue, coordinating vendors and collaborators, developing marketing materials, and organizing programming.

16. In or around early 2025, Plaintiff discovered that a separate and unaffiliated organization operating under the name Legends Enclave had begun promoting a similarly named fan convention event. That event, scheduled to take place on September 13 and 14, 2025, was also booked at the Los Angeles Marriott Burbank Convention Center, the same venue previously used by Plaintiff for LegendsCon.

17. Defendant Legends Enclave has never been affiliated with, authorized by, or licensed by Plaintiff to use the LegendsCon trademark. Despite this, Defendant promoted its own event using the Legends name in a way that imitated Plaintiff's branding, trade dress, and promotional materials. Defendant's use of similar logos, color schemes, stylization, and language has created the false impression that its event is associated with or endorsed by Plaintiff.

18. The close similarity between the names LegendsCon and Legends Enclave, coupled with the identical venue, overlapping fan audience, and copied branding elements, has led to actual confusion in the marketplace. Consumers,

vendors, and partners have mistakenly believed that Defendant's event is either a continuation of, or somehow related to, the original LegendsCon event.

19. Plaintiff is informed and believe, and thereon allege, that Defendant intentionally sought to create confusion in order to benefit from the goodwill and reputation that Plaintiff has built around the LegendsCon brand. Defendant's selection of the same venue, its use of closely resembling promotional styling, and its misleading representations have all contributed to widespread confusion and misassociation.

20. As a direct result of Defendant's conduct, Plaintiff was forced to cancel the scheduled LegendsCon II event. The confusion in the market, coupled with the reputational interference caused by Defendant's use of the LegendsCon mark, made it infeasible for Plaintiff to proceed with the planned event. This cancellation resulted in significant financial losses, the loss of vendor and sponsor relationships, and lasting harm to Plaintiff's reputation and brand value.

21. Plaintiff issued a formal cease and desist letter to Defendant demanding that it immediately cease all unauthorized use of the LegendsCon name, branding, and related materials. After receiving the cease and desist letter, Defendant made attempts to rebrand its event as "Legacy Expo." However, the revised branding continued to closely resemble the LegendsCon event in both appearance and promotional style, perpetuating consumer confusion. Defendant and its affiliates were previously redirecting customers, social media traffic, and event inquiries away from LegendsCon to their own platforms. Despite notice, Defendant has not made adequate efforts to disassociate itself from Plaintiff or to clarify the lack of any affiliation.

22. Defendant's continued unauthorized use of the LegendsCon name and branding, despite notice and actual confusion in the marketplace, has caused ongoing harm to Plaintiff's intellectual property rights, business operations, and ability to promote and host future events.

# COUNT I

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

23. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-22 inclusive, as though fully set forth.

24. As their first cause of action, Plaintiff assert a claim for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

25. Plaintiff is the owner of United States Trademark Registration No. 7,550,135 for the standard character mark LEGENDSCON, which was registered on October 29, 2024. The mark covers a broad range of entertainment-related services, including organizing and hosting fan conventions.

26. Plaintiff, through consistent and exclusive use of the LEGENDSCON mark in commerce since at least 2022, have established strong common law rights in the mark, in addition to the statutory protections afforded by federal registration.

27. The LEGENDSCON mark has become a valuable asset of Plaintiff and has acquired substantial goodwill among fans, vendors, sponsors, and the entertainment community. It is recognized as identifying conventions and events organized and operated by Plaintiff.

28. Without Plaintiff's authorization, Defendant has used the LEGENDSCON mark, or a mark that is confusingly similar, in commerce in connection with identical or closely related services, including the organization and promotion of a fan convention to be held at the same venue previously used by Plaintiff.

29. Defendant's use of the infringing name and associated branding has caused, and is likely to continue to cause, confusion, mistake, and deception among consumers, vendors, and the general public, including confusion as to the source, sponsorship, affiliation, or approval of Defendant's event.

30. Defendant had both constructive notice of Plaintiff's registered rights and actual notice through direct correspondence. Despite this, Defendant has continued to promote and market its event using the LegendsCon name and closely related derivatives.

31. Plaintiff is informed and believe that Defendant's infringement is intentional and willful and has been committed with full knowledge of Plaintiff's rights in the LEGENDSCON mark.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, irreparable harm to their business, reputation, and goodwill, as well as financial loss and damage to the value of the LEGENDSCON mark.

33. Plaintiff has no adequate remedy at law and are entitled to injunctive relief to prevent further infringement. Plaintiff is also entitled to recover damages, Defendant's profits, and enhanced or treble damages, as well as attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

34. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-33 inclusive, as though fully set forth.

35. As their second cause of action, Plaintiff assert a claim for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Plaintiff has used the LEGENDSCON mark in commerce in connection with fan conventions and entertainment services since at least 2022. Through

widespread promotion, consistent use, and public recognition, the mark has come to signify a single source of origin for such services, namely Plaintiff.

37. The LEGENDSCON mark is distinctive and associated in the minds of the consuming public with conventions organized and operated by Plaintiff. The mark functions as a source-identifier and conveys goodwill, trust, and brand reputation.

38. Defendant has used the identical or a confusingly similar mark in commerce in connection with similar fan convention services. Defendant's use includes the promotion, advertisement, and marketing of events through social media, websites, and other commercial channels.

39. Defendant's conduct is likely to cause, and has caused, confusion, mistake, and deception as to the affiliation, connection, or association between Plaintiff and Defendant, and as to the origin, sponsorship, or approval of Defendant's events by Plaintiff.

40. Defendant's use of names such as "LegendsCon," "Legends Expo," and similar variants, coupled with visual branding that mimics Plaintiff's trade dress and promotional style, further contributes to marketplace confusion and misassociation.

41. Defendant's actions were undertaken knowingly and with the intent to trade on the goodwill and reputation of the LEGENDSCON mark and to divert consumers and commercial relationships from Plaintiff.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered irreparable harm to their brand, loss of control over their reputation, lost business opportunities, and actual marketplace confusion.

43. Plaintiff is entitled to injunctive relief restraining Defendant from further acts of unfair competition, as well as an award of damages, Defendant's profits, and attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a).

# COUNT III

## STATUTORY UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200)

44. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-43 inclusive, as though fully set forth.

45. As their third cause of action, Plaintiff asserts a claim for unfair competition under California Business and Professions Code § 17200 et seq.

46. California's Unfair Competition Law prohibits any unlawful, unfair, or fraudulent business act or practice. Defendant has engaged in conduct that is unlawful under federal and state law, unfair to Plaintiff and the consuming public, and likely to deceive consumers.

47. Defendant's unauthorized use of the LEGENDSCON mark, and its deliberate attempt to mislead the public into believing its event is affiliated with Plaintiff, constitutes both unlawful trademark infringement and unfair business conduct within the meaning of the statute.

48. Defendant's acts were undertaken in bad faith and with the intent to profit from Plaintiff's reputation, goodwill, and established commercial presence in the fan convention industry.

49. Defendant's actions have caused and are continuing to cause harm to Plaintiff's business, including the diversion of customers, confusion in the market, and disruption of business relationships.

50. Plaintiff is entitled to injunctive relief under California Business and Professions Code § 17203 to prevent further unfair and unlawful business practices by Defendant.

51. Plaintiff also seeks restitution of any gains, profits, or advantages obtained by Defendant as a result of its violations, in an amount to be proven at trial.

# COUNT IV
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

52. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-51 inclusive, as though fully set forth herein.

53. As their fourth cause of action, Plaintiff asserts a claim for intentional interference with prospective economic advantage under California common law.

54. At all relevant times, Plaintiff had existing and ongoing economic relationships with sponsors, vendors, attendees, venue partners, and other third parties in connection with the organization and promotion of LegendsCon events.

55. Plaintiff had a reasonable expectation that these relationships would result in continued business opportunities, including the successful execution of LegendsCon II and future conventions.

56. Defendant knew or should have known of Plaintiff's economic relationships and business expectations, particularly given Plaintiff's established presence in the fan convention community and Defendant's use of nearly identical event names, themes, and branding. On information and belief, individuals who previously volunteered for Plaintiff's events are now involved in organizing or supporting Defendant's competing event, further suggesting that Defendant had actual knowledge of Plaintiff's business model, relationships, and commercial expectations.

57. Defendant intentionally engaged in conduct that disrupted and interfered with those relationships. Such conduct includes Defendant's unauthorized use of the LegendsCon mark, misrepresentations of affiliation, and promotion of a competing event that caused confusion in the marketplace.

58. Defendant's conduct was independently wrongful because it constituted trademark infringement, false designation of origin, and unfair

competition, and was carried out with the intent to interfere with Plaintiff's business interests.

59. As a direct and proximate result of Defendant's interference, Plaintiff suffered substantial harm, including the cancellation of LegendsCon II, lost revenue, reputational damage, and disruption of business relationships.

60. Defendant's actions were willful, deliberate, and carried out with malice, oppression, or fraud, entitling Plaintiff to an award of compensatory and, where appropriate, punitive damages in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a judgment declaring that Defendant has infringed upon Plaintiff's federally registered trademark LEGENDSCON in violation of 15 U.S.C. § 1114(1);

B. Enter a judgment declaring that Defendant's use of "LegendsCon," "Legends Expo," "Legacy Expo," or any similar designation constitutes federal unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a);

C. Enter a judgment declaring that Defendant's conduct constitutes unlawful and unfair business practices under California Business & Professions Code § 17200 et seq. and intentional interference with Plaintiff's prospective economic advantage;

D. Permanently enjoin Defendant and all persons acting in concert with it from using the LEGENDSCON mark, or any name or designation that is confusingly similar thereto, in connection with any events, promotions, goods, or services;

E. Order Defendant to immediately remove and cease all use of digital, physical, and promotional materials bearing the infringing marks, and to destroy any remaining infringing materials in their possession, custody, or control;

F. Order Defendant to issue corrective statements to attendees, vendors, sponsors, and the public, disclaiming any affiliation with Plaintiff and clarifying the lack of authorization to use the LegendsCon name or branding;

G. Award Plaintiff all profits derived by Defendant from its infringing activities, to be trebled due to the willful and deliberate nature of the infringement, pursuant to 15 U.S.C. § 1117(b);

H. Award Plaintiff compensatory and punitive damages for economic and reputational harm caused by Defendant's conduct, including but not limited to the cancellation of LegendsCon II, lost business opportunities, and diverted customer relationships;

I. Award Plaintiff reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a) and applicable California law;

J. Grant Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of all issues that may be tried to a jury in this action.

RESPECTFULLY SUBMITTED this 11th day of July, 2025.

**OMNI LEGAL GROUP**

/s/ Omid E. Khalifeh
Omid E. Khalifeh
Ariana Santoro
Louise Jillian Paris
Attorneys for Plaintiff

# EXHIBIT A



# LegendsCon

**Reg. No. 7,550,135**
**Registered Oct. 29, 2024**
**Int. Cl.: 41**
**Service Mark**
**Principal Register**

Rawlings, Kyle Ian  (UNITED STATES INDIVIDUAL)
2108 N St, Suite N,
Sacramento, CALIFORNIA 95816

CLASS 41: Admission ticket reservation and booking services for night clubs and night club events; Arranging and conducting nightclub entertainment events; Arranging and conducting special events for social entertainment purposes; Arranging for ticket reservations for shows and other entertainment events; Arranging, organizing, conducting, and hosting social entertainment events; Charitable services, namely, providing children with serious medical conditions or disabilities with aviation related educational programs and events, namely, arts and crafts instruction, educational exhibits, guided tours of aircrafts, conversations with pilots, and recreational airplane rides, not for the purpose of transportation; Conducting entertainment exhibitions in the nature of conventions in the fields of literature, films, science fiction and cosplay; Conducting of entertainment events in the nature of convention in the fields of literature, films, science fiction and cosplay; Consultation in the field of special event planning for social entertainment purposes; Disc jockeys for parties and special events; Entertainment event booking agencies; Entertainment and recreational services, namely, organizing and conducting a knitting/crocheting event the proceeds of which are donated to charity; Entertainment services in the nature of arranging social entertainment events; Entertainment services in the nature of hosting social entertainment events; Entertainment services in the nature of organizing social entertainment events; Entertainment services in the nature of production of live events for parties and special events for social entertainment purposes; Entertainment services, namely, producing cheerleading, dance and spirit-related competitions and events; Hosting social entertainment events, namely, conventions in the fields of literature, films, science fiction and cosplay, for others; Musical event booking agencies; Organization of events for cultural purposes; Organization of entertainment events in the nature of conventions in the fields of literature, films, science fiction and cosplay; Organization of entertainment exhibition events; Organization of social entertainment events for adults, children; Organizing events in the field of film for cultural or educational purposes; Organizing community sporting and cultural events; Organizing cultural and arts events; Organizing, arranging and conducting cosplay convention events, the proceeds of which are donated to charity; Organizing, arranging, and conducting convention events in the fields of literature, films, science fiction and cosplay; Party planning of conventions in the fields of literature, films, science fiction and cosplay; Presenting live cosplay entertainment events; Providing a website for

*Katherine Kelly Vidal*
**Director of the United States**
**Patent and Trademark Office**



persons to register for surprise events and classes for the purpose of entertainment; Providing advice and information in the field of educational and entertainment activities and events for children; Providing information relating to educational and entertainment activities and events for children; Providing information, news and commentary in the field of current events relating to the gay community; Providing information, news and commentary in the field of current events relating to film and media; Providing news in the nature of current event reporting relating to film and media via the Internet; Social club services, namely, arranging, organizing, and hosting social events, get-togethers, and parties for club members; Special event planning for social entertainment purposes; Ticket agency services for entertainment events; Ticket reservation and booking for entertainment events; Ticket reservation and booking services for entertainment, sporting and cultural events; Ticket reservation and booking services for recreational and leisure events, namely, conventions in the fields of literature, films, science fiction and cosplay

FIRST USE 1-00-2022; IN COMMERCE 1-00-2023

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 98-290,852, FILED 11-29-2023

Page: 2 of 3 / RN # 7550135

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.